# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

HOWARD COHAN

    Plaintiff,

v.

SPIRIT AP PORTFOLIO 1 LLC, a Delaware limited liability company;

JK GREENE INVESTMENTS LLC, a Colorado limited liability company;

AJG INVESTMENTS LLC, a Colorado limited liability company;

SCG INVESTMENTS LLC, a Colorado limited liability company;

EINSTEIN AND NOAH CORP., a Delaware corporation;

TMG OF COLORADO, LLC, a Georgia corporation; and

APPLE COLORADO LLC, a Delaware limited liability company,

    Defendants.

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendants based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a limited liability company with its registered office located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

5. Defendant Spirit AP Portfolio 1, LLC ("Spirit") is a Delaware limited liability company with its registered office in Colorado located at 7700 E Arapahoe Rd, Ste 200, Centennial CO 80112.

6. Defendant J.K. Greene Investments LLC ("Greene") is a domestic limited liability company with its registered office located at 3799 S Glenco, Denver, CO 80237.

7. Defendant AJG Investments, LLC ("AJG") was a domestic limited liability company with its registered office located at 121 S. Tejon Street, Suite 900, Colorado Springs, CO 80903

8. Defendant SCG Investments, LLC ("SCG") is a domestic limited liability company with its registered office located at 755 South Dexter, Apartment 311, Denver, CO 80246.

9. Defendant Einstein and Noah Corp. ("Einstein") is a Delaware corporation with its registered office in Colorado located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

10. Defendant TMG of Colorado, LLC ("TMG") is a Georgia limited liability company with its registered office in Colorado located at 7700 E Arapahoe Rd, Ste 220, Centennial, CO 80112.

11. Defendant Apple Colorado LLC ("Apple") is a Delaware limited liability company with its registered office in Colorado located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

12. Upon information and belief, Apple owns or operates "Applebee's" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

13. Upon information and belief, TMG owns or operates "Ted's Montana Grill" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

14. Upon information and belief, Einstein owns or operates "Coffee & Bagels" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

15. Upon information and belief, Greene, AJG, and SCG owns the real estate located at 16495 East 40th Cir, Aurora, CO 80011 where TMG and Einstein operate.

16. Upon information and belief, Spirit owns the real estate located at 16485 East 40th Cir, Aurora, CO 80011, where Apple operates.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates the above paragraphs by reference.

18. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and

substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

19. Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

20. Plaintiff regularly travels to Colorado 4-5 times per year to visit friends and shop. Plaintiff prefers staying around the Denver metro area on his trips because of the density of malls, stores, restaurants, and hotels.

21. Most recently, Plaintiff was in the Aurora area in May of 2019, and currently plans to return to the area again in September of 2019.

22. On March 7, 2018, Plaintiff encountered barriers to access which denied him full and equal access and enjoyment of services, goods, and amenities when he ate at the Einstein Bagels operated by Einstein (the "Einstein Facility").

23. On March 8, 2018, Plaintiff encountered barriers to access which denied him full and equal access and enjoyment of services, goods, and amenities when he dined at the Applebee's operated by Apple (the "Apple Facility") and Ted's Montana Grill operated by TMG (the "TMG Facility").

24. When Plaintiff visited the above Facilities on both March 7, 2018 and March 8, 2018, he encountered barriers in the parking lot.

25. Upon information and belief, Spirit owns the land where parking for the Apple Facility is located.

26. Upon information and belief, Greene, AJG, and SCG own the land where parking for the Einstein Facility and TMG Facility are located.

27. Each Facility is located near hotels that Plaintiff either has or would consider staying at when he is visiting the area.

28. Each Facility would provide Plaintiff a convenient place to get food and drinks.

29. Plaintiff is a regular customer of Applebee's, Ted's Montana Grill, and Einstein Bagels and would return to the each Facility in September if the Defendants modify their respective Facilities and its policies and practices to accommodate individuals who have physical disabilities, but is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at each Facility.

30. Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

31. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

32. Plaintiff incorporates the above paragraphs by reference.

33. This Court is empowered to issue a declaratory judgment regarding: (1) Defendants' violation of 42 U.S.C. § 12182; (2) Defendants' duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendants' duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

34. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

35. Plaintiff incorporates the above paragraphs by reference.

36. The Apple Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

37. The Einstein Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

38. The TMG Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

39. Spirit is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), the Apple Facility, which is a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

40. Greene, AJG, and SCG are each a public accommodation covered by Title III of the ADA because they own, lease (or lease to), the Einstein Facility and the TMG Facility, which are places of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

41. Plaintiff encountered the following barriers to access in the parking lot owned by Defendants Spirit, Greene, AJG, and SCG which serve the Apple Facility, Einstein Facility, and the TMG Facility during his visits on March 7, 2018 and March 8, 2018.

a. Failing to provide continuous clear width to an adjacent accessible route of travel for a person(s) with a disability due to improper design of the parking spaces or access aisles in violation of 2010 ADAAG §§502, 502.1 and 502.7.

b. Providing any access aisle for parking where the access aisle or ramp is located in traffic lanes, and any obstruction or incorrect curb cut prevents an accessible route of travel for person(s) with a disability in violation of 2010 ADAAG §§405, 406, and 406.5.

c. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.4.

d. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

42. Plaintiff personally encountered architectural barriers on his March 8, 2018, at the TMG Facility:

a. Restaurant Seating:
   i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

b. Bar Seating:
   i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

      ii. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

     iii. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

c. Restroom:

       i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

      ii. Providing pathways and or aisles that are too narrow in violation of 2010 ADAAG §§403, 403.1 and 403.5.1.

     iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

     iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

      vi. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

      vii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

      viii. Failing to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

      ix. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

43. Plaintiff personally encountered the following architectural barriers on his March 7, 2018, visit to the Einstein Facility:

  a. Outdoor Seating:

      i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

  b. Pathway to Entrance:

      i. Failing to provide disabled parking that allows a person(s) with a disability to access the shortest available route to a pedestrian entrance of the facility in violation of ADAAG §§208.3 and 208.3.1.

9

  ii. Failing to provide a doorway or walkway with a minimum clear width for person(s) with a disability in violation of 2010 ADAAG §§403, 403.5, 403.5.1 and 404.2.3.

c. Restroom:

  i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

  ii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

  iii. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

  iv. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

  v. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

  vi. Failing to provide toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

    vii. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    viii. Failing to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§305 and 306.

44. Plaintiff personally encountered the following architectural barriers on his March 8, 2018, visit to the Apple Facility:

 a. Ramp in Bar Area:

  i. Failing to provide bilateral handrails on a ramp that has a rise greater than 6 inches or in a horizontal projection greater than 72 inches violating 2010 ADAAG §§405, 405.1, 405.8, 505 and/or §4.8.5 of the 1991 ADA Standards.

 b. Restroom:

  i. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

  ii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

  iii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

      iv. Failing to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§305 and 306.

      v. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

45. These barriers cause Plaintiff difficulty in safely using each element of each Facility because of Plaintiff's impaired mobility and range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

46. Greene, AJG, SCG, Einstein, and TMG are jointly liable and subject to the requirements of Title III of the ADA regarding the barriers to access at the Facilities located at 16495 East 40th Cir, Aurora, CO 80011.

47. Spirit and Apple are jointly liable and subject to the requirements of Title III of the ADA regarding the barriers to access at the Apple Facility located at 16485 East 40th Cir, Aurora, CO 80011.

48. Defendants have failed to remove some or all of the barriers and violations at each Facility.

49. Defendants' failure to remove these architectural barriers denies Plaintiff full and equal access to each Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

50. Defendants' failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

51. It would be readily achievable for Defendants to remove all of the barriers at each Facility.

52. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that each Facility identified in this Complaint is in violation of the ADA;

B. declare that each Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendants make their respective Facilities accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D. enter an Order directing Defendants to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.


Respectfully submitted on June 28, 2019.   */s/ Gloria Y. Saad*
Gloria Y. Saad (MI Bar No. P83131)
Blackmore Law PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (833) 343-6743
E-mail: gsaad@blackmorelawplc.com
*Counsel for Plaintiff*